UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No:   2:14-cr-00002-SPC-DNF

STEVEN JOSEPH RIZZA and
JONATHAN ROBERT MAUSE,

        Defendants.

_____/

## ORDER[1]

    This matter comes before the Court on the United States' Motion in Limine Regarding the Improper Use of Statements to Impeach a Witness (Doc. 98) filed on July 11, 2014. Although given the opportunity, Defendants did not timely file a response in opposition. (See Doc. 61). Nonetheless, the Court heard oral arguments from all Parties at the Final Pretrial Conference held on Friday, July 25, 2014. This motion is now ripe for review. Pursuant to the reasons stated on the record and the reasons that follow, this motion in limine is due to be granted in part and denied in part.

    A.   Whether 302s and Interview Summary Reports are Statements of the Witness under the Jencks Act

    The Government moves to preclude Defendants from introducing interview summaries prepared by Federal Bureau of Investigations (302s) and the Florida

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Department of Law Enforcement to impeach witnesses on cross examination, publishing such summaries to the jury, and suggesting to the jury that such summaries are witness statements. The Government argues 302s and interview summary reports are not statements of the person interviewed under the Jencks Act, 18 U.S.C.A. § 3500.

The Court agrees. Interview summary reports such as 302s are not witness statements under the Jencks Act. Therefore, Defendants are precluded from using such reports to impeach a witness on cross examination, publishing to the jury, or suggesting to the jury that such summaries are witness statements. Palermo v. United States, 360 U.S. 343, 350 (1959) (stating it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations."); United States v. Jordan, 316 F.3d 1215, 1252 (11th Cir. 2003) (stating "an interviewer's raw notes, and anything prepared from those notes (such as an FBI 302), are not Jencks Act statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness."). The motion is due to be granted on this issue.

B. <u>Whether the Civil Complaint Filed by the Attorney for J.W.H. and any Correspondence from Counsel Representing J.W.H. Related to a Civil Cause of Action are Statements of J.W.H.</u>

The Government moves to preclude Defendants from introducing correspondence and civil pleadings submitted and filed by J.W.H.'s attorney to impeach J.W.H. during cross-examination, to publish to the jury, and to suggest to the jury these are J.W.H.'s statements.[2] The Government maintains the correspondence, specifically a right to sue letter, and civil pleadings from J.W.H.'s attorney were not signed or ratified

---

[2] J.W.H. is considered to be the victim in this case.

by J.W.H. as required for a statement under the Jencks Act. At the Final Pretrial Conference, the Government clarified that it does not oppose cross examination of J.W.H. with regard to his pending civil case but the Government seeks to exclude improper impeachment pursuant to the correspondence and civil pleadings. In response, Defendant Rizza argued the correspondence and civil pleadings can be introduced as J.W.H.'s own statements because the attorney is an "agent" of J.W.H. and pursuant to the "adverse party statement" exception.

Upon consideration, the Court finds the correspondence and civil pleadings cannot be excluded *per se.* Defendants, as conceded by the Government, can cross-examine J.W.H. with the fact that J.W.H. filed a civil complaint. In addition, the correspondence and pleadings may be used to impeach a witness, if the correspondence and pleadings contain an inconsistent statement pursuant to Rules 613 and 801(d)(2) of the Federal Rules of Evidence. Rowe v. U.S. Bancorp, --- Fed.Appx. ----, 2014 WL 2700203, at *1 (11th Cir. June 16, 2014) ("We've held that statements in prior pleadings are admissible evidence if the pleadings indicate that the party against whom they are admitted has adopted a position inconsistent with that in the earlier litigation.") (citing Mitchell v. Fruehauf Corp., 568 F.2d 1139, 1147 (5th Cir. 1978)); see also Vincent v. Louis Marx & Co., Inc., 874 F.2d 36, 42 (1st Cir. 1989) ("factual allegations in the trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party.") (citing Hardy v. John-Mansville Sales Corp., 851 F.2d 742, 745 (5th Cir. 1988)). Otherwise, if impeachment is not warranted, Defendants cannot use the specific facts within the correspondence and civil complaint when cross-examining J.W.H.  The motion is due to be denied on this issue.

C. <u>Whether the Correspondence of the Florida Sheriff's Risk Management Fund Agreeing to Conditionally Defend Defendant Steven Rizza is a Statement that can be Attributed to any Employee of the Desoto County Sheriff's Office</u>

The Florida Sheriff's Risk Management Fund has agreed to represent Defendant Steven Joseph Rizza in a separate civil matter. (See Doc. 98-1). This civil representation is conditioned on the outcome of this instant criminal matter. Counsel for Defendant Rizza has indicated his intent to use the contents of the letter to show the motive of the county to attempt to escape civil liability.

The Government argues the Florida Sheriff's Risk Management Fund's correspondence regarding its legal representation, and the conditions thereof, should not be construed as statements by any employee of the Desoto County Sheriff's Office to impeach an employee on the basis of motive. The Government asserts the letter and its contents are not statements of any employee of the Desoto County Sheriff's Office. The Government asserts the letter and its contents should be excluded because they are not relevant to the motive of any individual who participated in the investigation. The Court agrees. The Florida Sheriff's Risk Management Fund's correspondence cannot be used to impeach any Desoto County Sheriff's Office employee on the basis of motive. The motion is due to be granted on this issue.

D. <u>The Proper use of 302s, Reports of Statements</u>

The Government asserts Defendants may not use the 302s to impeach witnesses because they are not statements of the witnesses themselves. The Court agrees. Defendants are precluded from depicting such 302s and summary reports as witness statements during the trial. See United States v. Leonardi, 623 F.2d 746, 757 (2d Cir. 1980) (stating since "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); United

4

States v. Hill, 526 F.2d 1019, 1026 (10th Cir. 1975) (stating the trial court was correct to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it"). The motion is due to be granted on this issue.

Accordingly, it is now

**ORDERED:**

The United States' Motion in Limine Regarding the Improper Use of Statements to Impeach a Witness (Doc. 98) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** with regard to the 302s, interview summary reports, and the Florida Sheriff's risk management fund. The motion is **DENIED** with regard to the correspondence and civil complaint by J.W.H.'s.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record