UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CASE NO: 2:14-cr-2-FtM-38DNF

STEVEN JOSEPH RIZZA and
JONATHAN ROBERT MAUSE

## ORDER[1]

This matter comes before the Court on the United States' Motion in Limine to Exclude Improper Character Evidence (Doc. 84) filed on June 27, 2014. Defendant Steven Joseph Rizza filed a response in opposition on July 11, 2014. (Doc. 95). Rizza filed a Supplemental Argument in Response on July 23, 2014. (Doc. 104).[2] The Court also heard oral arguments from all Parties at the Final Pretrial Conference held on Friday, July 25, 2014. This matter is now ripe for review.

## BACKGROUND

The superseding indictment charges Rizza with five charges. (Doc. 23). The charges against Rizza are: Deprivation of Civil Rights under Color of Law pursuant to 18 U.S.C. § 242 (Count I); Falsification of Records in a Federal Investigation pursuant to 18 U.S.C. § 1519 (Count II); Obstruction of Justice pursuant to 18 U.S.C. § 1512(b)(3) (Count III); and Perjury to a Grand Jury pursuant to 18 U.SC. § 1623(a) (Count V and VI). The

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] This filing was done without leave of court. Upon review, the Court finds the document is more of a separate motion rather than a supplemental response.

superseding indictment charges Defendant Jonathan Robert Mause with three charges. The charges against Mause are: Falsification of Records in a Federal Investigation pursuant to 18 U.S.C. § 1519 (Count II); Perjury to a Grand Jury pursuant to 18 U.SC. § 1623(a) (Count IV); and False Statement to a Federal Investigator pursuant to 18 U.S.C. § 1001 (Count VII). These charges stem from the following allegations:

On April 22, 2013, J.W.H., the victim in this case, was arrested for offenses involving his then-fiancée, Christine Routson. J.W.H. was charged with misdemeanor battery-domestic violence and false imprisonment. As a result of the charges, J.W.H. was jailed. Since at the time Routson was employed as a nurse at the Desoto County Jail ("DCJ"), J.W.H. was housed at the Hardee County Jail rather than the DCJ. After posting bond, J.W.H. was released from jail on May 15, 2013. J.W.H.'s false imprisonment charge was later dropped by the State Attorney's Office.

J.W.H.'s initial charges resulted in a temporary injunction that prohibited J.W.H. from contacting or coming within 500 feet of Routson. J.W.H. violated this temporary injunction on May 25, 2013, and accordingly was re-arrested. Pursuant to this arrest, J.W.H. was transferred to the DCJ and placed into a holding cell.

Thereafter, Defendant Rizza, Desoto County Deputy Sheriff, and Cpl. Vincent Carlucci, Jr. entered the holding cell where J.W.H. was confined. Rizza allegedly assaulted J.W.H.  Rizza claimed J.W.H. acted in an aggressive manner, such that Rizza's use of force was a necessary response. Thereafter, Rizza and fellow defendant and Desoto County Deputy Sheriff, Mause, collaborated and created an incident report. It is alleged that this incident report included false statements about what happened in the holding cell. In addition, Rizza and Mause testified before a Grand Jury and gave

statements to law enforcement agents regarding their actions involving J.W.H. It is alleged, that their testimony and statements were materially false.

During the investigation, investigators obtained a statement from Routson. Routson was not present at the DCJ during the relevant events. Accordingly, Routson was not a witness to any events underlying this case. Nonetheless, pursuant to the investigator's questioning, Routson made several accusations against J.W.H. Routson provided examples of J.W.H.'s tendencies toward violence, disruptive behavior, and dishonesty. At least one defendant has expressed an interest in calling Routson as a defense witness during the trial of this matter. Therefore, the Government expects Routson may testify as to incidents purportedly demonstrating violent, dishonest, or embarrassing traits that J.W.H. and other Government witnesses may possess. The Government has filed this motion to exclude such testimony.

## DISCUSSION

**I.    General Character Evidence**

A. Evidence of a Witness's Character

The Government asserts it is not aware of any of its anticipated witnesses, besides Vincent Carlucci Jr. and Raymond Kuglar, who possess a felony conviction or a conviction of any crime in the last ten years that would meet any of the admissibility facts under Rule 609 of the Federal Rules of Evidence. The United States objects to the use of any mere arrest of any government witness and any conviction more than ten years old as a basis for impeachment. Defendant Rizza states the defense has no intention of introducing evidence related to the witnesses' character. Upon consideration, the Court finds the motion is due to be granted on this issue. Fed. R. Evid. 609(b); United States v. Pritchard,

973 F.2d 905, 908 (11th Cir. 1992) ("In this circuit, there is a presumption against the use of prior crime impeachment evidence over ten years old.")

### B. Evidence of the Victim's Character

Rule 404 of the Federal Rules of Evidence generally prohibits character evidence. Fed. R. Evid. 404(a)(1). There are, however, a few exceptions in criminal cases. Fed. R. Evid. 404(a)(2). One relevant exception is that "a defendant may offer evidence of an alleged victim's pertinent trait." Fed. R. Evid. 404(a)(2)(B). If this kind of evidence is admitted, the prosecutor may then offer evidence to rebut it and offer evidence of the defendant's same trait. Id. Evidence of crimes, wrongs, or other acts is inadmissible to prove character, but admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Upon review, the defendant may offer evidence of an alleged victim's pertinent trait. For example, Rouston may generally testify that J.W.H. has a reputation for being truthful or untruthful. But specific evidence, such as a crime, wrong, or other act, is not admissible to prove J.W.H.'s character. The motion is due to be granted on this issue.

## II.     Rouston's Potential Testimony

### A. References to prior arrests of J.W.H.

The Government asserts it will focus on the events surrounding the incident in the cell during trial. The Government argues the incident between J.W.H. and Rouston, resulting in charges of domestic violence and a violation of injunction, does not show a "pertinent trait" in this case. One of these charges was dropped and the other was *nolle prossed*. The Government argues such evidence is barred by Fed. R. Evid. 404. Nonetheless, at the Final Pretrial Conference, the Government conceded it is fair to

attribute an arrest on April 22, 2013, and an arrest on May 25, 2013, to J.W.H. and that those both related to misdemeanor offenses. The Government stated it does not have an objection to these bad acts being mentioned at trial in the generic sense.  In addition, the Government argued the underlying facts of the offenses are much more prejudicial than they are probative and thus should be excluded under Rule 403 of the Federal Rules of Evidence.

In response, Rizza concedes J.W.H's prior cases involving violence against women are not admissible and that Rizza does not intend to illicit any details related to the charges. Rizza also agrees any convictions J.W.H. may have are not material or relevant to this case, accordingly Rizza asserts they will not be discussed at trial.

Upon consideration, the Court finds the motion is due to be granted on this issue pursuant to Rule 403. The prejudice outweighs the probative value. Rules 608 and 609 do not negate this finding.

B.  References to alleged prior violent conduct by J.W.H.

The Government asserts in Routson's statements to law enforcement, she alleged J.W.H. acted violently toward her on prior occasions. The Government asserts testimony related to this alleged conduct would be more prejudicial than probative because it would not be pertinent to any matter at issue in this case. The Government further asserts, even if the allegations are true, such evidence would not be relevant to prove J.W.H. is violent toward everyone or more specifically toward correctional officers. In response, Rizza presents an unclear argument. Nonetheless, Rizza concedes he does not intend to set forth evidence that relates to specific acts of conduct of the witnesses in order to prove a character trait of J.W.H. Rizza asserts witness testimony regarding their knowledge of

J.W.H.'s destructive behavior and self-infliction of injuries is probative of J.W.H.'s motive, plan, opportunity, and bias.

Rule 404(b) relates to the commission of the charged offense. Fed. R. 404(b); Farmer, 923 F.2d at 1567. Here, the charged offense at issue is Rizza's assault on J.W.H. Thus, J.W.H.'s motive, plan, opportunity, or bias is not relevant and the motion in limine for this issue is granted. As an aside, Rizza is cautioned that hearsay will not be tolerated at trial and Rizza's state of mind at the time of May 25, 2013 incident cannot be proven by after-the-fact evidence. See e.g., Caudill's June 10, 2013, Jail Incident Report.

C. References to embarrassing information regarding DCJ co-workers.

The Government asserts Routson's position as a DCJ nurse gave her access to personal details of fellow DCJ employees, including their grooming habits, professional challenges, and marital difficulties. The Government argues such details are irrelevant to this case and the credibility of any witness. Therefore, the Government asserts such evidence should be excluded. The Defendants have not filed a response in opposition to this specific issue. This evidence is irrelevant and excludable under Rules 403 and 611 to protect witnesses from undue embarrassment. Fed. R. Evid. 403; Fed. R. Evid. 611. Accordingly, the Court finds the motion is due to be granted on this limited issue.

D. References to alleged instances in which J.W.H. expressed an intention to make false statements to law enforcement.

The Government asserts Routson referred to an alleged incident in which J.W.H. stated he intended to lie to law enforcement officers in order to incriminate staff at DCJ. The Government argues such testimony would create extrinsic evidence for purposes of impeaching J.W.H. The Government asserts such evidence is inadmissible. Fed. R. Evid. 608(b). The Defendants have not filed a response in opposition to this specific issue. The

law is clear, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). At this time, the Court does not find that the exception applies, but will make an admissibility ruling based on the exception at trial, if necessary. See Fed. R. Evid. 608(b) ("But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness"). At this time, the Court finds the motion is due to be granted on this limited issue.

### III. Supplemental Response

The Court has reviewed Rizza's redacted and un-redacted grand jury testimony. (Government's Exh. 5; Government's Exh. 6). Upon review and consideration, the Court finds the Government's redacted grand jury testimony is appropriate for trial, with the exception of the following lines: page 42, line 18 and page 54, lines 2 and 3. These lines should not be redacted because they are specifically quoted in the superseding indictment.

Although the Court has made the foregoing rulings on the issues as raised by the parties in their Motions in Limine, the Court reserves the right to rule at trial based upon the applicable evidentiary matter being presented at that time.

Accordingly, it is now **ORDERED:**

United States' Motion in Limine to Exclude Improper Character Evidence (Doc. 84) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this July 31, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

**Copies: Counsel of Record**